**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CHRISTOPHER J. HADNAGY, individually and on behalf of SOCIAL-ENGINEER, LLC,

Plaintiffs,

v.

JEFF MOSS, and DEF CON COMMUNICATIONS, INC.,

Defendants.

No. 2:22-cv-03060-WB

Defendants' Reply in Support of Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim

## Table of Contents

A. INTRODUCTION .......... 1
B. ARGUMENT .......... 2
1. The Court lacks personal jurisdiction over Defendants. .......... 2
2. The Court should deny further opportunity for jurisdictional discovery. .......... 5
3. Mr. Hadnagy's claims also fail as a matter of law. .......... 6
a. The alter ego claims against Mr. Moss fail. .......... 6
b. The defamation and false light claims fail. .......... 7
c. The intentional interference claim fails. .......... 8
d. The intentional infliction of emotional distress ("IIED") claim fails. .......... 9
C. CONCLUSION .......... 10

## Table of Authorities

**Page(s)**

**CASES**


*Acclaim Sys., Inc. v. Infosys, Ltd.*, 2016 WL 974136 (E.D. Pa. Mar. 14, 2016)........ 8

*Accurso v. Infra-Red Servs., Inc.*, 23 F. Supp. 3d 49 (E.D. Pa. 2014)........................ 7

*Danziger & De Llano, LLP v. Morgan Verkamp LLC,* 948 F.3d 124 (3d Cir. 2020)........................................................................................ 3

*Devon MD LLC v. DeMaio*, 2020 WL 1912108 (E.D. Pa. Apr. 20, 2020)................ 3

*Directory Dividends, Inc. v. SBC Commc'ns, Inc.*, 2003 WL 22533708 (E.D. Pa. Oct. 23, 2003)........................................................................... 4, 6

*Empire Trucking Co. v. Reading Anthracite Coal Co.*, 71 A.3d 923 (Pa. Super. 2013)........................................................................................ 9

*Green v. Mizner*, 692 A.2d 169 (Pa. Super. 1997)................................................ 8

*Hill v. Cosby*, 2016 WL 491728 (W.D. Pa. Feb. 9, 2016)........................................ 9

*Hoy v. Angelone*, 720 A.2d 745 (Pa. 1998)........................................................ 10

*Jafar v. Wells Fargo Bank, N.A.*, 2015 WL 1781703 (E.D. Pa. Apr. 15, 2015)........ 10

*LDM Sys., Inc. v. Russo*, 1997 WL 431005 (E.D. Pa. July 15, 1997)........................ 5

*M3 USA Corp. v. Hart*, 516 F. Supp. 3d 476 (E.D. Pa. 2021).................................. 3

*Malone v. Weis*, 2018 WL 827433 (E.D. Pa. Feb. 12, 2018)...................................... 6

*Nayak v. Voith Turbo, Inc.*, 2016 WL 860664 (M.D. Pa. Mar. 7, 2016).................... 9

*Noah Bank v. Sunday J. USA Corp.*, 2018 WL 6622999 (E.D. Pa. Dec. 18, 2018).... 6

*Patterson by Patterson v. F.B.I.*, 893 F.2d 595 (3d Cir. 1990).................................. 5

*Remick v. Manfredy*, 238 F.3d 248 (3d Cir. 2001)............................................ 3, 4

*Rorrer v. Cleveland Steel Container*, 712 F. Supp. 2d 422 (E.D. Pa. 2010)............ 10

*William Rosenstein & Sons Co. v. BBI Produce, Inc.*, 123 F.Supp.2d 268 (M.D.Pa.2000)...................................................................................... 6

*Yearwood v. Turner Const. Co.*, 2011 WL 570003 (E.D. Pa. Feb. 15, 2011)............ 5

**Rules**

Federal Rule of Civil Procedure 12(b)(6)............................................................1, 2

**Other Authorities**

Restatement (Second) Torts § 566 cmt. (b)(1)........................................................8

## A. INTRODUCTION

Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Opposition") fails to demonstrate that personal jurisdiction is appropriate or that their claims should survive dismissal under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs wholly fail to engage with the Motion's discussion of recent Third Circuit authority requiring the application of *Calder v. Jones*'s "effects test" in determining personal jurisdiction over intentional tort claims. They instead point to a mélange of ostensible "contacts" that Defendants have with Pennsylvania—which run the gamut from unpleaded to irrelevant to unsupported by competent evidence—and suggest that these subject Defendants to personal jurisdiction here. This is not how the "arising out of or related to" requirement works.

Plaintiffs' claims lack facial plausibility, too. Their alter ego contentions against Mr. Moss entirely lack factual support, and if upheld, would gut the protections of the corporate form. Their defamation and false light claims, *by Plaintiffs' own pleading*, rely on the unsubstantiated "assumptions" and "speculation" of what unnamed third parties must have assumed the Ban Announcement meant. They fail to allege Defendants' awareness of Plaintiffs' third-party contracts or any colorable facts to support their contentions that Defendants intentionally interfered with those contracts. And Mr. Hadnagy's intentional infliction of emotional distress claim patently fails to meet the extraordinarily high standard under

Pennsylvania law. The Court should dismiss for lack of personal jurisdiction, or barring that, with prejudice under Rule 12(b)(6).

## B. ARGUMENT

### 1. The Court lacks personal jurisdiction over Defendants.

Plaintiffs' muddled legal arguments and factual averrals—many of which they fail to plead in the Complaint or support with competent evidence—betray a fundamental misunderstanding of the standard for personal jurisdiction in the Third Circuit.[1]

All parties agree on the "traditional" three-part framework for personal jurisdiction: (1) purposeful direction; (2) the claims "arise out of or relate to" Defendants' contacts with the forum state; and (3) jurisdiction doesn't offend notions of fair play and substantial justice.[2] And all parties agree that because Plaintiffs pleaded intentional torts, the *Calder*-derived effects test allows the Court to exercise jurisdiction if its three elements are satisfied.[3] So far, so good.

But Plaintiffs argue that a court applies the *Calder*-based effects test *only if* the court first applies the "traditional" three-part test and does not

---

[1] Plaintiffs assert many "facts" in the opposition that they fail to plead in the Complaint. *See, e.g.,* ECF 19 at *9 ("Year after year . . . participation at the Event"); *10 ("as the once amicable . . . associated with the Event"); *11 ("It is apparent . . . precisely their intention.") Defendants have flagged some (but for space limitation reasons, certainly not all) of these unpleaded "facts."
[2] ECF 18-2 at *11-12; ECF 19 at *16.
[3] ECF 18-2 at *12-13; ECF 19 at *18.

find jurisdiction. ECF 19 at *18 (citing *Devon MD, LLC v. Demaio*, 2019 WL 7042426, at *8 (E.D. Pa., Dec. 19, 2019)). Wrong.

Just as Defendants explained in their Motion (*see* ECF 18-2 at *14), recent Third Circuit authority *requires* courts to apply the effects test to intentional tort claims in the context of the "arises out of or relates to" element of the "traditional" test. *Danziger & De Llano, LLP v. Morgan Verkamp LLC,* 948 F.3d 124, 130 (3d Cir. 2020); *see also M3 USA Corp. v. Hart*, 516 F. Supp. 3d 476, 500 (E.D. Pa. 2021) (observing that "the same three-part framework" applies to tort claims and stating that "[f]or intentional torts, our Court of Appeals instructs us to apply the 'effects test' described in *Calder v. Jones* to determine whether the claims 'arise out of or relate to' the defendant's contacts.") (citation omitted). Plaintiffs may not have reviewed *Devon MD*'s subsequent case history. *See Devon MD LLC v. DeMaio*, No. CV 19-5378, 2020 WL 1912108, at *7 (E.D. Pa. Apr. 20, 2020) (stating that "our Court of Appeals, since our December 2019 Memorandum, clarified whether a plaintiff's claims 'arise out of or relate to' the defendant's contacts with the forum state depends on the type of claim brought" and noting that intentional torts require application of the effects test).

Plaintiffs cannot satisfy the "express aiming" element of the effects test, so there is no personal jurisdiction over Defendants. Plaintiffs curiously cite *Remick v. Manfredy*, 238 F.3d 248,260 (3d Cir. 2001) for the proposition that conduct "expressly aimed at injuring the in-forum Plaintiffs" is sufficient to satisfy the effects test. *See* ECF 19 at *19. *Remick* plainly does not

support personal jurisdiction over Plaintiffs' defamation and false light claims. *See Remick*, 238 F.3d at 259 (3d Cir. 2001) (rejecting plaintiff's defamation-based jurisdictional arguments on similar facts). And *Remick* does not support personal jurisdiction over Plaintiff's tortious interference claim because it is factually inapposite. In *Remick,* the court upheld the exercise of jurisdiction over the tortious interference claim because the defendants allegedly targeted a single contract they knew would mainly be performed in Pennsylvania. *Id.* at 260. In contrast, Plaintiffs allege Defendants targeted their entire business, which is not specific to Pennsylvania and instead "span[s] the globe." *See, e.g.,* Compl. ¶¶ 72, 81, 86, 88, 90, 98. An Eastern District of Pennsylvania court has relied on precisely this distinction in rejecting personal jurisdiction over a tortious interference claim. *Directory Dividends, Inc. v. SBC Commc'ns, Inc.*, No. CIV. 01-CV-1974, 2003 WL 22533708, at *4 (E.D. Pa. Oct. 23, 2003).

Plaintiffs' cobbled-together pastiche of Defendants' "contacts" with Pennsylvania falls well short of what is required to show "express aiming" under the effects test.[4] Defendants request that the Court dismiss this matter for lack of personal jurisdiction.

---

[4] And to boot, these are largely unpleaded, irrelevant, and chock-full of basic evidentiary problems. For just one example, and without limitation, Plaintiff's assertions about "official DEF CON groups" in Pennsylvania are not pleaded, lack foundation, include hearsay statements not subject to any exception, and in several instances lack any citation whatsoever to source material. *See* ECF 19 at *17-18.

**2. The Court should deny further opportunity for jurisdictional discovery.**

Leave for further jurisdictional discovery is inappropriate under the circumstances. First, Plaintiffs have been on notice for months of Defendants' intention to assert a jurisdictional defense, yet, remarkably, Plaintiffs have not issued *a single discovery request* on jurisdiction (or any other issue) since filing this lawsuit over three months ago. Plaintiffs are presumably aware of their obligation to establish jurisdictional facts "through sworn affidavits or other competent evidence." *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 603-604 (3d Cir. 1990). Yet Plaintiffs have chosen not to do so, instead relying on a haphazard mix of pleaded and unpleaded allegations rather than taking any jurisdictional discovery—discovery entirely within their ability to seek—to support their position.[5] That's improper. *See Yearwood v. Turner Const. Co.*, No. CIV.A. 09-5945, 2011 WL 570003, at *5 (E.D. Pa. Feb. 15, 2011) (rejecting request for jurisdictional discovery because plaintiffs had not sought discovery and failed to make a prima facie case of jurisdiction).

[5]A verified complaint (like that of Plaintiffs) may be treated like an affidavit, but "statements in affidavits only have value when they are based on the affiant's personal knowledge or some other admissible ground." *LDM Sys., Inc. v. Russo*, No. CIV.A. 97-3111, 1997 WL 431005, at *1 (E.D. Pa. July 15, 1997). The Court should accordingly disregard the "largely conclusory and speculative" portions of the Complaint outside of Mr. Hadnagy's personal knowledge. *See id.*

Second, Plaintiffs have failed to make any colorable case for why jurisdictional discovery will unearth facts showing that jurisdiction is proper. An allegedly defamatory statement posted on an Internet blog simply is not conduct "expressly aimed" at Pennsylvania, even if Plaintiffs allege suffering harm here. *See Noah Bank v. Sunday J. USA Corp.*, No. CV 18-1413, 2018 WL 6622999, at *4 (E.D. Pa. Dec. 18, 2018); *see also Directory Dividends, Inc.*, 2003 WL 22533708, at *4. No amount of jurisdictional discovery will change this simple fact. *William Rosenstein & Sons Co. v. BBI Produce, Inc.*, 123 F.Supp.2d 268, 275 (M.D.Pa.2000) (denying discovery in absence of explanation of what plaintiff seeks to discover or how such discovery would overcome lack of prima facie jurisdiction).

**3. Plaintiffs' claims also fail as a matter of law.**

Although the Court need not reach the merits, Plaintiffs' *Iqbal/Twombly* pleading failures are patent, and leave to amend will not fix the Complaint's substantive ills.

**a. The alter ego claims against Mr. Moss fail.**

Plaintiffs first contend that the alter ego allegations in Paragraph 13 do not merely recite factors that courts consider in the veil-piercing test. ECF 19 at *21. They are manifestly incorrect under this Court's *Malone v. Weiss* decision. See 2018 WL 827433, at *3 (E.D. Pa. Feb. 12, 2018) (dismissing functionally identical allegations as mere recitations of the veil-

piercing factors).[6] Plaintiffs then argue that veil-piercing is appropriate because Mr. Moss acted through Def Con by publishing the Ban Announcement. ECF 19 at 21-22. Of course Mr. Moss did.

A corporation acts only through its agents and officers. *Accurso v. Infra-Red Servs., Inc.*, 23 F. Supp. 3d 494, 508 (E.D. Pa. 2014). Veil-piercing is an "exceptional remedy" for "exceptional circumstances," *id.* at 509, and veil-piercing here—in the absence of any facts whatsoever warranting the remedy—would gut the concept of the corporate form by making corporate officers personally liable anytime they acted on the corporation's behalf. *See id.* at 510.

**b. The defamation and false light claims fail.**

Plaintiffs' defamation and false light claims should be dismissed for at least three reasons. **First**, the Ban Announcement is not reasonably capable of conveying the "abhorrent" defamatory meaning they urge. Their argument rests on the ostensible "assumption" and "speculation" of unnamed third parties that Mr. Hadnagy's misconduct was sexual or abhorrent in nature. Compl. ¶¶ 57-59. The Ban Announcement conveys one simple, nondefamatory meaning: Mr. Hadnagy violated the Code of Conduct ("CoC"), which prohibits making people feel uncomfortable, unwelcome, or afraid. Plaintiffs wrongly equate a CoC violation with an

[6] The relevant veil-piercing allegations in *Malone v. Weiss* are in Paragraphs 58-60 of the First Amended Complaint (2:17-cv-01694-RAL, ECF 24).

"abhorrent conduct" standard.[7] **<u>Second</u>**, the Ban Announcement is non-actionable opinion. Confidence that the severity of the CoC violations warrants a ban does not imply *defamatory* facts. *See* Rst. 2nd Torts § 566 cmt. (b)(1) (pure opinion "occurs when the maker of the comment states the facts on which he bases his opinion . . . and then expresses a comment as to the plaintiff's conduct . . . ."). **<u>Third</u>**, Plaintiffs have not pleaded an abuse of conditional privilege. They rely on *Green v. Mizner*, 692 A.2d 169, 175 (Pa. Super. 1997) in arguing there was "no legitimate interest" behind publishing the Ban Announcement because Defendants "were motivated by ill intent or ill will[.]" ECF 19 at *25-26. These legal conclusions should be disregarded, and in any event, the Opposition's contentions are self-contradictory and do not support an abuse of conditional privilege. Compare ECF 19 at *27 (Defendants ostensibly intended to harm Plaintiffs' reputations and replace them at the Event via the Ban Announcement) and ECF 19 at *4 (Mr. Hadnagy informed Defendants in *January 2022*, prior to the Ban Announcement, that he would not participate in the Event in August 2022).

**c. The intentional interference claim fails.**

Plaintiffs entirely fail to allege that Defendants were aware of the actual and prospective contracts that they "intentionally interfered" with, as Pennsylvania law requires. *See Acclaim Sys., Inc. v. Infosys, Ltd.*, 2016 WL 974136, at *6 (E.D. Pa. Mar. 14, 2016). The Opposition's assertions that Mr.

---

[7] They also improperly rely on unpleaded assertions of fact in the Opposition in doing so. *See, e.g.,* ECF 19 at *24 (last paragraph) and *25 (first paragraph).

Moss "was well aware of" and even had "a wealth of knowledge" about Plaintiff's business dealings lack any citation and are unsupported by any facts pleaded in the Complaint. ECF 19 at *27; *see generally* Compl. And after disregarding its (many) legal conclusions that Defendants acted intentionally, willfully, and with actual malice (*see, e.g.*, Compl. ¶¶ 78, 85-86, 91), the Complaint fails to allege *plausible facts* that Defendants acted with the requisite intent to harm Plaintiff's third-party contractual relationships. *See Empire Trucking Co. v. Reading Anthracite Coal Co.*, 2013 PA Super 148, 71 A.3d 923, 932–33 (2013).

**d. The intentional infliction of emotional distress ("IIED") claim fails.**

Mr. Hadnagy's fundamental problem is that the Ban Announcement simply cannot support a prima facie IIED claim. The extraordinarily high bar to IIED recovery in Pennsylvania is why no other Pennsylvania court has ever upheld an IIED claim in the defamation context. *See Hill v. Cosby*, No. 15c1658, 2016 WL 491728, at *9 (W.D. Pa. Feb. 9, 2016). Here is what's *not* IIED in Pennsylvania: physically assaulting a co-worker, yelling profanities, and pointing a gun at that co-worker at work[8]; making derogatory comments about a subordinate's religious beliefs and ethnic background and mocking that subordinate's disability[9]; pushing a utility knife into a

[8] *Nayak v. Voith Turbo, Inc.*, No. 1:14-CV-1053, 2016 WL 860664, at *4 (M.D. Pa. Mar. 7, 2016).

[9] *Jafar v. Wells Fargo Bank, N.A.*, No. 14-6411, 2015 WL 1781703, *3 (E.D. Pa. Apr. 15, 2015).

woman's breast[10]; and workplace harassment involving sexual propositions, physical contact, frequent profanity, and posting of a sexually suggestive picture.[11] *None* of this is "beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society" as required to sustain an IIED claim. *See Hoy* at 754. With due respect to Mr. Hadnagy's hurt feelings, the Ban Announcement assuredly falls short, too.

**C. CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss this case for lack of personal jurisdiction. If the Court finds personal jurisdiction, Defendants respectfully request that the Court dismiss the claims against Defendants with prejudice.

DATED: November 8, 2022.

By: */s/ Matt Mertens*

Matthew Mertens (admitted PHV)
**PERKINS COIE LLP**
1120 NW Couch Street, 10th Floor
Portland, Oregon 97209-4128
503.727.2199
MMertens@perkinscoie.com

David Perez (admitted PHV)
**PERKINS COIE LLP**
1201 Third Avenue
Suite 4900

[10] *Rorrer v. Cleveland Steel Container*, 712 F. Supp. 2d 422, 439 (E.D. Pa. 2010).
[11] *Hoy v. Angelone*, 720 A.2d 745, 755 (Pa. 1998).

Seattle, Washington 98101-3099
206.359.6767
DPerez@perkinscoie.com

By: */s/ Jonathan L. Cochran*
Jonathan L. Cochran
John S. Stapleton
**LeVAN STAPLETON SEGAL COCHRAN LLC**
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
215.261.5210
jcochran@levanstapleton.com

*Counsel for Defendants Jeff Moss and DEF CON Communications, Inc.*